**UNITED STATES of America,**
**Appellee,**

v.

**Manuel VARGAS, Defendant–**
**Appellant.**

No. 07–0385–cr.

United States Court of Appeals,
Second Circuit.

Sept. 3, 2008.

B. Alan Seidler, Esq., New York, N.Y., for Defendant–Appellant.

Richard Daddario & Celeste L. Koeleveld, Assistant United States Attorneys for the Southern District, for Michael J. Garcia, United States Attorney, New York, NY, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Manuel Vargas appeals the judgment of conviction and sentence entered by the United States District Court for the Southern District of New York (*Jones, J.*) following a jury trial in which he was found guilty of conspiring to distribute one kilogram or more of heroin, distributing and possessing with intent to distribute one kilogram or more of heroin, and renting a drug establishment. He was sentenced to 188 months' imprisonment, at the bottom of his applicable Sentencing Guidelines range. The district court calculated his Guidelines offense level as 36 and his criminal history calculation as I. We affirmed his conviction but remanded his case to the district court to determine whether it would re-sentence Vargas in light of *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). Following remand, the district court declined to re-sentence him. We assume familiarity with the underlying facts and procedural history, as well as the issues on appeal.

Vargas now challenges his sentence as procedurally and substantively unreasonable. We disagree. This court reviews a district court's sentence for reasonableness. *United States v. Canova,* 412 F.3d 331, 350 (2d Cir.2005); *United States v.*

*Brady,* 417 F.3d 326, 332 (2d Cir.2005). Vargas contends that the district court erroneously determined that at least 10 but fewer than 30 kilograms of heroin could be attributed to him in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He maintains that the jury was not asked to, and did not, find that he had distributed any drug quantity over one kilogram of heroin. However, "the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection." *Crosby,* 397 F.3d at 112. We have previously stated that a district court is " 'entitled to consider all transactions engaged in by [a defendant] or by his coconspirators . . . if the transactions were either known to him or reasonably foreseeable to him,' " *United States v. Richards,* 302 F.3d 58, 70 (2d Cir.2002) (quoting *United States v. Podlog,* 35 F.3d 699, 706 (2d Cir.1994)). Because a jury's determination of drug quantity beyond one kilogram was not required, Vargas' challenge as to this issue fails.[1]

Finally, there is no question that the district court imposed a reasonable sentence. While Vargas argues that the district court did not consider his background and efforts to rehabilitate himself while in prison, there is nothing in the record that shows that the district court did not dutifully examine the sentencing factors listed in 18 U.S.C. § 3553(a). Without more, Vargas' claim fails.

We have considered the remainder of Vargas' contentions and believe them to be

without merit. The judgment of the district court is affirmed.

---

1. Vargas also argues that his trial counsel failed to raise as error at sentencing the court's finding of facts that had not been found by the jury. Because there was no error in the court's determination, Vargas' challenge as to the ineffectiveness of his counsel also fails.

